IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WU,

    Petitioner,                      No. CIV S-09-2490 EFB P

    vs.

KATHLEEN DICKINSON, Warden[1],

    Respondent.                  ORDER

_____/

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); Dckt. Nos. 15, 16, 18. Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request to proceed *in forma pauperis* is granted. However, for the reasons stated below, the court finds that the petition must be dismissed with leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

    A habeas petition is appropriately filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws

---

[1] Petitioner named as respondent "Warden of CMF." Kathleen Dickinson, current warden of the California Medical Facility (where petitioner is confined), is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

or treaties of the United States." 28 U.S.C. § 2254(a). A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition must be dismissed if, on initial review, the court finds that "it plainly appears . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground, and state the relief requested. Rule 2, Rules Governing § 2254 Proceedings. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of [each] claim showing that the pleader is entitled to relief" and "a demand for the relief sought." While the court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations unsupported by specific facts. *Jones v. Gomez,* 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

The petition in this action is so rambling and incomprehensible that the court cannot reasonably discharge its responsibility under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Proceedings until petitioner complies with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. *See* Rule 12, Rules Governing § 2254 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.") Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. The instant petition, however, consists of 227 pages of incomprehensibly-ordered allegations and exhibits. Further complicating the court's initial review, petitioner's allegations are peppered randomly throughout the 227 pages and are themselves inscrutable. *See, e.g.,* Am. Pet. at 6, 65, 79, 153. Petitioner appears to challenge various actions by prison administrators affecting the conditions of his confinement, as well as his conviction. *See* Am. Pet. at 1 (stating that petitioner

is an "innocent behind the bar" and that "state evidence already proved my innocence"), 6 (alleging that prison staff have taken his appeal files, held his trial court records, stopped him from visiting the law library, delayed the processing of his mail, interfered with his access to court, and sent him for involuntary mental health treatment), 65 (alleging "denial of effective assistance of counsel" in the instant proceeding, apparently), 79 (alleging ineffective assistance of appellate counsel), 153 (stating various incomprehensible allegations about petitioner's conviction).

Having reviewed the amended petition to the best of its ability, the court cannot determine exactly what petitioner is challenging and what relief he seeks.[2]  As it stands, the amended petition is simply not amenable to review.  The petition will therefore be dismissed with leave to amend to file a petition that clearly and simply sets out petitioner's claims and supporting facts.  All claims and factual allegations should be stated clearly in the petition itself rather than through reference to exhibits, and any exhibits should be appended to the petition rather than interspersed throughout.  Petitioner need not file as exhibits any documents already

---

[2] Certain allegations appear to be inappropriate in a habeas petition or more appropriately brought in a habeas petition in the United States District Court for the Northern District of California.  First, petitioner appears to challenge certain conditions of his confinement.  By its nature, a petition for a writ of habeas corpus challenges the *fact or duration* of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Suit under the civil rights statute, rather than a habeas petition, is appropriate to challenge the *conditions* of confinement.  *Id.* at 499; *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").  Thus, the court cannot grant petitioner habeas relief on the basis of his allegations concerning the processing of his inmate appeals, his access to the law library, and other conditions of his confinement that do not affect the duration of his confinement.  Second, even where petitioner's allegations concern the fact or duration of his confinement, the court cannot grant habeas relief for alleged errors in the interpretation and application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  To the extent that petitioner alleges that respondent has violated state law only, and not the federal Constitution or some other federal law binding on the states, the court cannot grant habeas relief.  And third, petitioner was convicted in Santa Clara County, and accordingly any challenges to that conviction are more appropriately brought in the Northern District of California rather than this court.  Although this court and the Northern District both have jurisdiction over the petition, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499-500 (1973), witnesses and evidence necessary for the resolution of petitioner's application are more readily available in the county of conviction, which is located in the Northern District.  *Id.* at 499 n. 15; 28 U.S.C. § 2241(d).

3

filed in this action.

Also before the court is petitioner's Motion for an Evidentiary Hearing, filed April 28, 2010. Dckt. No. 26. As petitioner's claims are currently unclear, the court denies the motion without prejudice to its renewal after petitioner has filed an amended petition complying with this order.

Accordingly, it is hereby ordered that:

1. Petitioner's requests for leave to proceed *in forma pauperis* (Dckt. Nos. 15, 16, 18) are granted;

2. Petitioner's April 28, 2010 Motion for an Evidentiary Hearing (Dckt. No. 26) is denied without prejudice;

3. Petitioner has 21 days from the date of this order to file an amended petition for a writ of habeas corpus curing the deficiencies identified in this order. The petition must bear the docket number assigned to this action and be styled, "Second Amended Petition." Failure to comply with this order will result dismissal. The Clerk of the Court is directed to send petitioner the form Petition for a Writ of Habeas Corpus used in this court.

Dated: June 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE