IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WU,

      Petitioner,                      No. CIV S-09-2490 EFB P

    vs.

KATHLEEN DICKINSON, Warden,

      Respondent.                   <u>ORDER</u>

                              /

      Petitioner, a state prisoner proceeding in forma pauperis, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently before the court are various motions filed by petitioner pro se, a motion by petitioner's appointed counsel to withdraw, and the amended petition itself for screening under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts. Dckt. Nos. 39, 51-54. For the reasons provided below, the court will grant counsel's request to withdraw, deny petitioner's request for new counsel, dismiss the petition without leave to amend, and deny the remaining pending pro se motions as moot.

**I.    Procedural Background**

      In the initial screening order dated June 30, 2010, the court dismissed the petition with leave to amend. Dckt. No. 29. As of that date, petitioner had filed no less than 10 lengthy, disorganized, rambling, and inscrutable pleadings. Dckt. Nos. 1 (Pet. – 192 pages), 8 (Am. Pet.

– 227 pages), 9 (Supplement – 45 pages), 11 (Supplement – 51 pages), 13 (Supplement – 28 pages), 14 (Supplement – 29 pages), 17 (Supplement – 100 pages), 19 (Supplement – 34 pages), 24 (Supplement – 60 pages), 25 (Supplement – 45 pages), 27 (Supplement – 98 pages). The court stated that "[t]he petition in this action is so rambling and incomprehensible that the court cannot reasonably discharge its [screening] responsibility." Dckt. No. 29 at 2. The court dismissed the petition, but granted petitioner leave to file an amended petition "that clearly and simply sets out petitioner's claims and supporting facts." *Id.* at 3.

Petitioner filed an amended petition on September 21, 2010 and additional amended petitions on September 23, 2010 and November 17, 2010, among other submissions. Dckt. Nos. 36, 37, 39. These amended petitions suffer from the same defects that the court ordered petitioner to cure in the initial screening order.

In the meantime, the court appointed counsel for petitioner, first appointing the Federal Public Defender and, upon notice that the Federal Public Defender could not represent petitioner, appointing Marilou Hillberg. Dckt. Nos. 41, 47. Despite having been appointed counsel, petitioner continues to file motions pro se in this court. Dckt. Nos. 48, 51-53. On February 28, 2011 petitioner filed a request that the court appoint him a different lawyer. Dckt. No. 53. On March 3, 2011, Ms. Hillberg filed a motion to withdraw as petitioner's counsel. Dckt. No. 54.

Ms. Hillberg has informed the court that petitioner filed a habeas petition in 2006 in the Northern District of California raising "essentially the same or similar claims". Dckt. No. 54 at 5; *Wu v. Hubbard*, No. C 06-3263 VRW (PR) (N.D. Cal.). Judge Vaughn Walker dismissed that case without prejudice after affording petitioner an opportunity to amend, finding that it was "virtually impossible to ascertain from petitioner's voluminous filings what claims he seeks to bring in federal court." *Wu*, No. C 06-3263 VRW (PR), Order of December 18, 2007, Dckt. No. 21 at 2-3.

////

////

**I.      Counsel's Motion to Withdraw**

Ms. Hillberg asks to withdraw from the case because: (1) her review of the record and investigation have revealed no claims cognizable in this federal habeas action; (2) she believes that petitioner's transfer to Atascadero State Hospital has deprived this court of jurisdiction over the petition; and (3) petitioner has asked for a new lawyer.

Counsel has provided the court with a detailed declaration describing her work on the case and her assessment of petitioner's claims, as much as those claims can be discerned. Dckt. No. 54 at 2-7. She declares: "Communication with Mr. Wu has proven problematic. Mr. Wu has sent me hundreds of pages of correspondence and I have read them all. Although Mr. Wu's writing is difficult to decipher, counsel has extensive training, education and experience with clients with cognitive or neurological difficulties and did her best to comprehend the basis of his claims. Telephone conversations with Mr. Wu proved problematic; after several telephone conversations, I do not feel there was any meaningful communication between us. Although I sent him four letters, the last one a lengthy discussion of the legal issues with attached copies of relevant documents, I do not believe he understood it." *Id.* at 3.

For his part, petitioner states that Ms. Hillberg suffers from a "mental disorder" and "not only change to a new way of nonstopping broadcasting of her nonsense, from the professional way of interactive communication during phone call, she also became my ex-wife's lawyer of conflict of interest to prove wife's vagina was cut bleeding with her own finger nails as same as this boring lawyer Marylou did by herself . . ."[1] Dckt. No. 53 at 1.

The filings by petitioner and Ms. Hillberg provide sufficient cause for withdrawal. *See* E.D. Cal. L.R. 83-182(d) (providing that withdrawal by counsel in this court is governed by the California Rules of Professional Conduct); Cal. R. Prof. Conduct 3-700. Ms. Hillberg declares that petitioner's claims are not cognizable. *See* Cal. R. Prof. Conduct 3-700(C)(1)(a) (permitting

---

[1] Petitioner's underlying conviction stems from a sexual assault against his then-wife.

1  withdrawal where the client "insists upon presenting a claim . . . that is not warranted under
2  existing law and cannot be supported by good faith argument for an extension, modification, or
3  reversal of existing law"). Further, petitioner and Ms. Hillberg have not been able to
4  communicate effectively, and petitioner seems to believe that Ms. Hillberg has a mental disorder
5  and is conspiring with his victim. *See id.* 3-700(C)(1)(d) (permitting withdrawal where the client
6  "renders it unreasonably difficult for the member to carry out the employment effectively").
7  Finally, petitioner himself seeks to terminate the representation. *See id.* 3-700(C)(5) (permitting
8  withdrawal where "[t]he client knowingly and freely assents to termination of the employment").
9  Accordingly, counsel's request to withdraw (Docket No. 54) will be granted.

10  Petitioner seeks appointment of a new lawyer. Dckt. No. 53 at 3. However, the court has
11  no reason to believe that a new lawyer would be able to effectively communicate with petitioner
12  or otherwise assist in this action. Further, the court has reviewed the pleadings filed by
13  petitioner and concludes, for the reasons provided in the next section, that the petition must be
14  dismissed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the U.S.
15  District Courts. There currently exists no absolute right to appointment of counsel in habeas
16  proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint
17  counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C.
18  § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. The court does not find that the
19  interests of justice would be served by the appointment of counsel at this stage of the
20  proceedings. Accordingly, the court will decline to appoint new counsel for petitioner.

21  **II.    Screening**

22  A habeas petition is appropriately filed by "a person in custody pursuant to the judgment
23  of a State court only on the ground that he is in custody in violation of the Constitution or laws
24  or treaties of the United States." 28 U.S.C. § 2254(a). A judge "entertaining an application for a
25  writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to
26  show cause why the writ should not be granted, unless it appears from the application that the

4

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A petition must be dismissed if, on initial review, the court finds that "it plainly appears . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings.

An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground, and state the relief requested. Rule 2, Rules Governing § 2254 Proceedings. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of [each] claim showing that the pleader is entitled to relief" and "a demand for the relief sought." While the court must liberally construe the allegations of a prisoner proceeding without counsel (*see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006)), the court cannot grant relief based on conclusory allegations unsupported by specific facts. *Jones v. Gomez,* 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

The amended petitions and other miscellaneous briefs filed by petitioner in this action are unreasonably long and comprised of incomprehensible rambling and unexplained documents with inscrutable notations in the margins. *See* Docket Nos. 36, 37, 38, 39, 52. The court is simply at a loss to review them. As petitioner was informed by the prior screening order, the Federal Rules of Civil Procedure require the petition to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see* Rule 12, Rules Governing § 2254 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.") Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Further, Rule 2 of the Rules Governing § 2254 Cases in the U.S. District Courts, which requires habeas petitioners to "specify all the grounds of relief available" and "state the facts supporting each ground." *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (noting that Rule 2(c) demands that habeas petitioner's plead their claims with particularity so that district courts can determine whether the state should be ordered to show cause why the writ should not be granted or whether the petition

1  should be summarily dismissed without ordering a responsive pleading).  Despite having been
2  given an opportunity to file a single comprehensible, simply-stated petition (and having been
3  appointed counsel to assist him in doing so), petitioner has instead continued to file numerous
4  prolix submissions that are either difficult or impossible to understand.  Petitioner has failed to
5  comply with the court's screening order, Federal Rule of Civil Procedure 8(a), and Rule 2(c) of
6  the Rules Governing § 2254 Cases in the U.S. District Courts.  Accordingly, the court will
7  dismiss the petition without leave to amend.

**III.   Order**

For the reasons provided herein, it is hereby ordered that:

1.  The motion to withdraw filed on March 3, 2011 by petitioner's appointed counsel Marilou Hillberg (Docket No. 54) is granted;

2.  Petitioner's February 28, 2011 request for new counsel (Docket No. 53) is denied;

3.  Petitioner's motions filed February 9, 2011 (Docket No. 51), February 11, 2011 (Docket No. 52), and February 28, 2011 (Docket No. 53) are denied as moot;

4.  The Clerk is directed to close the case; and

5.  The court declines to issue a certificate of appealability.

Dated:  March 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE